NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>KYLE CLIFTON, individual capacity,<br><br>      Defendant - Appellee,<br><br>CODY ISIDE, individual capacity, CITY OF WEST COVINA,<br><br>      Defendants. | No. 24-7514<br><br>D.C. No.<br>2:22-cv-00091-JLS-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 15, 2026[**]

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

Plaintiff-Appellant Ahmad Price ("Price") appeals the district court's grant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Defendant-Appellee Kyle Clifton's ("Officer Clifton") motion to dismiss. We have jurisdiction under 28 U.S.C. § 1331, and we affirm.

We review de novo the district court's application of the *Younger* abstention doctrine, *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003), and issue preclusion, *McInnes v. State of Cal.*, 943 F.2d 1088, 1092 (9th Cir. 1991).

1. Price has standing to challenge the legality of Officer Clifton's search and seizure because Officer Clifton was not aware that Price was on parole when he initially detained him. *See United States v. Estrella*, 69 F.4th 958, 961 (9th Cir. 2023) ("[A] law enforcement officer must have probable cause to believe that a person is on active parole before he may be detained and searched pursuant to a parole condition.").

2. The Supreme Court's decision in *Younger v. Harris* mandates that we abstain from intervening in Price's ongoing state criminal proceedings absent extraordinary circumstances. 401 U.S. 37 (1971). Abstention is appropriate if: (1) the state proceedings are ongoing, (2) the proceedings "are quasi-criminal enforcement actions," (3) the proceedings "implicate an important state interest," (4) the proceedings "allow litigants to raise federal challenges," and (5) "the federal action would have the practical effect of enjoining the state proceedings." *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)).

Here, Price is subject to ongoing state criminal proceedings related to the evidence obtained during Officer Clifton's search of his car on January 18, 2020. California has an important state interest in prosecuting individuals for violating its laws, and Price was afforded the opportunity to raise federal challenges in his motion to suppress in the state proceedings. Granting Price's request to prohibit the use of this evidence in any court proceedings would directly interfere with his criminal case, in contravention of *Younger*.

Further, Price has failed to show any "special circumstances" warranting federal intervention. *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980). Price claims that "extraordinary circumstances" exist because: (1) the Riverside County Superior Court did not have jurisdiction over the search that occurred in Los Angeles County, (2) Price's criminal proceedings do not stem from any crimes related to his encounter with Officer Clifton, and (3) Officer Clifton filed his allegedly false supplemental report without notice to Price and "with the specific intent to negatively impact Price's criminal matter." We are not aware, however, of any law prohibiting a state court from reviewing the legality of a search that occurred in a separate county on a motion to suppress. Additionally, the evidence obtained by Officer Clifton during the search directly relates to Price's ongoing criminal proceedings. Finally, the California trial court and Court of Appeals already considered Price's challenges to Officer Clifton's supplemental report and

found no reason to discount Officer Clifton's testimony.[1]  Because "the danger of irreparable loss" to Price is not "great and immediate," these circumstances do not necessitate federal intervention.  *Younger*, 401 U.S. at 45.  Accordingly, the district court correctly applied the *Younger* abstention doctrine to Price's request for a permanent injunction.

3.  The district court also correctly applied issue preclusion to each of Price's claims for damages.  "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party."  *Wright v. Beck*, 981 F.3d 719, 738 (9th Cir. 2020) (alteration in original) (quoting *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015)).  The state trial court and Court of Appeals decided that Officer Clifton lawfully detained Price and searched his vehicle.  The court also declined to discredit the supplemental police report as false.  Because each of Price's claims rest on identical issues that were actually litigated and decided in Price's criminal proceeding, issue preclusion applies.

4.  Finally, the district court did not abuse its discretion in denying leave to

---

[1] We also reject Price's argument that Officer Clifton's supplemental police report "is barred by the statute of limitations applicable to infractions."  We are unaware of any statute of limitations in California which would bar the state court from considering Officer Clifton's report.

amend because additional amendment "could not possibly cure the deficiency."

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**AFFIRMED.**[2]

---

[2] Price's Motion for Appointment of Counsel, Dkt. No. 25, is denied.